Isabelle v. Nissan                          CV-96-490-JD  01/28/99

UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


Stephen Isabelle

        v.                                  Civil No. 96-490-JD

Nissan Motor Corporation


                              O R D E R


        Before the court is the motion of the defendant, Nissan

Motor Corporation in U.S.A., requesting that the court reconsider

its earlier order of October 8, 1998, which reinstated the

plaintiff's negligence claim (document no. 46).  As is evident

from the chronology of events described below, the record

presents the court with a procedural checkerboard due to the

inadvertence of both counsel, as well as of the court, which

counsel failed to realize or bring to the court's attention.

        On August 21, 1996, Stephen and Holly Ann Isabelle filed

this action in Rockingham County Superior Court asserting product

liability claims under theories of negligence and strict

liability (counts one and two), and a loss of consortium claim

(count three).  The defendant removed the case to the United

States District Court for the District of New Hampshire, and on

October 1, 1997, moved for summary judgment on all three counts

(document no. 12).  On October 29, 1997, the plaintiffs filed a

notice with the court to withdraw the loss of consortium and

negligence claims (document no. 24). On October 30, 1997, the court granted the motion "with prejudice." The plaintiffs did not object to the court's order. See Notice of Withdrawal of Claims at 1 ("Claims noted herein are considered withdrawn with prejudice. 10/30/97"). After withdrawing the negligence and loss of consortium claims, Stephen Isabelle, on November 3, 1997, filed his objection to the defendant's motion for summary judgment on his "product liability" claim (document no. 31).

In its order of May 28, 1998, the court granted the defendant's motion for summary judgment on count one, the strict product liability claim (document no. 37). Through inadvertence, the court also denied the motion for summary judgment on count two, the product liability claim sounding in negligence, and granted it on count three, the loss of consortium claim, in so far as it incorporated count one by reference. Because counts two and three had previously been withdrawn by the plaintiffs, it was unnecessary for the court to address the defendant's summary judgment motion regarding them. Neither party notified the court of its oversight, sought clarification, or moved for reconsideration of the order. Nor did the plaintiff seek to reinstate those claims that had been previously withdrawn.

At the pretrial conference held on August 17, 1998, although the parties still failed to identify the issue of the withdrawn

2

claims, the court <u>sua sponte</u> raised the issue and informed them that an amended order on the summary judgment motion would follow, eliminating references to counts two and three.  The court explained that with summary judgment granted on the first count, and counts two and three withdrawn, there were no pending claims remaining in the case.  The defendant was therefore entitled to judgment in its favor.  Although the plaintiff sought to avert the adverse ruling, arguing that the negligence claim had only been withdrawn to reduce the possibility of jury confusion, the court found this an inadequate ground for reinstating the withdrawn claim.

On August 18, 1998, the court issued the amended order granting summary judgment in favor of the defendant on the strict products liability claim and eliminating those portions of the earlier summary judgment order that had addressed the negligence and consortium claims.  On the same day, the court entered judgment for the defendant and the case was closed.

The plaintiff subsequently moved for reconsideration on September 1, 1998, seeking to reinstate his negligence claim on the same ground asserted at the pretrial conference.  The defendant never filed an objection to the plaintiff's motion to reinstate his negligence claim.  Pursuant to Local Rule 7.1(b) (1996), the court deemed any objection of the defendant waived.

The court therefore granted the plaintiff's motion for reconsideration and reinstated the negligence claim. See Motion for Reconsideration at 1 ("Motion granted, there being no objection filed by the defendant. Negligence claim reinstated.").

Although the defendant did not object to the plaintiff's motion, on November 2, 1998, the defendant filed a motion to reconsider the court's reinstatement of the plaintiff's negligence claim. See Nissan Motor Corporation in U.S.A.'s Motion for Reconsideration (document no. 46). In its motion, the defendant argues that it reasonably believed no formal objection to the plaintiff's motion was necessary given the circumstances of the case. The defendant identifies a number of factors supporting this contention. First, in the pretrial conference on August 17, 1998, the defendant objected to the relief later sought by the plaintiff in his motion to reconsider. Second, the plaintiff stated in his motion to reconsider that he was "certain that the Defendant will object to the granting of this Motion." Motion to Reconsider at 3. Third, the defendant argues its objection was self evident as the plaintiff's motion sought to resuscitate the legal action against the defendant.

Viewing the record in toto, the court finds the defendant's arguments compelling. Initially, judgment was appropriately

4

entered in favor of the defendant.  That should have been the end of the action, but in light of the defendant's failure to file an objection to the plaintiff's motion to reconsider and reinstate its negligence claim, the court granted the plaintiff's motion. In the motion to reconsider now before the court, the defendant has presented persuasive arguments that the plaintiff had notice of the defendant's objection, and that the defendant effectively notified the court of its objection in the pretrial conference. Upon reconsideration, therefore, the court finds the defendant's earlier informal objections effective and grants the defendant's motion (document no. 46).  The defendant's request for an oral hearing is denied.  The defendant is again entitled to entry of judgment in its favor.  The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

January 28, 1999

cc:  Brian C. Shaughnessy, Esquire
     William J. Thompson, Esquire

5